UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JULIAN EARL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1253-JDT-cgc |
| | ) | |
| JACKSON GENERAL HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff Julian Earl, who at the time was incarcerated at the Madison County Criminal Justice Complex in Jackson, Tennessee, filed a *pro se* civil complaint and a motion to proceed *in forma pauperis* on October 24, 2019. (ECF Nos. 1 & 2.) Because the motion was not accompanied by a copy of Plaintiff's inmate trust account statement as required by the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), the Court directed Plaintiff to submit either the required document or the entire civil filing fee. (ECF No. 4.) Plaintiff complied but shortly thereafter notified the Court he had been released and provided his new address. (ECF No. 6.) In response to an order directing him to do so, (ECF No. 7), Plaintiff filed a non-prisoner *in forma pauperis* affidavit on November 27, 2019. (ECF No. 8.)

When a prisoner is released after the filing fee is assessed pursuant to the PLRA but before the fee is fully paid, "the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released individual qualifies for pauper status." *McGore v. Wrigglesworth*, 114 F.3d 601, 613 (6th Cir. 1997), *partially overruled on other grounds by*

*LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).  In this case, Plaintiff now has submitted the appropriate non-prisoner *in forma pauperis* affidavit.  The information set forth in the affidavit satisfies Plaintiff's burden of demonstrating that he is unable to pay the filing fee.  Accordingly, the motion for leave to proceed *in forma pauperis* is GRANTED.

Plaintiff is reminded that he must continue to promptly notify the Clerk, in writing, of any change of address.  Failure to comply with this requirement, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

                                         s/ **James D. Todd**
                                         JAMES D. TODD
                                         UNITED STATES DISTRICT JUDGE