# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| JULIAN EARL, | ) | |
| Plaintiff, | ) ) ) | |
| VS. | ) ) | No. 19-1253-JDT-cgc |
| JACKSON-MADISON COUNTY GENERAL HOSPITAL, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER DISMISSING CASE,
## CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
## AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On October 24, 2019, Plaintiff Julian Earl, who at the time of filing was incarcerated at the Madison County Criminal Justice Complex (CJC) in Jackson, Tennessee, filed a *pro se* civil complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) Shortly thereafter, he notified the Court he had been released and provided his new address. (ECF No. 6.) After Earl submitted a non-prisoner financial affidavit, the Court granted leave to proceed *in forma pauperis*. (ECF No. 10.) The Clerk shall record the Defendant as the Jackson-Madison County General Hospital (Hospital).[1]

Earl alleges that on August 28, 2019, he was admitted into the intensive-care unit at the Hospital for chest pains and an elevated heart rate. (ECF No. 1 at PageID 2.) He spent three days there before being moved to a "regular room" for three more days. (*Id.*) On September 3, 2019,

---

[1] In the complaint, Earl identified the Hospital only as the "Jackson General Hospital." (ECF No. 1 at PageID 1-2.)

an unnamed "on Duty Dr." informed Earl that the Hospital was releasing him even though, Earl alleges, no one had "reset" his pacemaker/defibrillator. (*Id.*) When Earl returned to the CJC, he was placed back in a pod, and his defibrillator "went off everyday at 10:15 for 14 days." (*Id.*) The CJC returned Earl to the Hospital, where he spent thirteen additional days. (*Id.*) Earl then was again released because, he alleges, "the officers watching me told them that I had court that day." (*Id.*)[2]

Earl seeks compensation for his pain and suffering and for the "stress of being handcuffed and shackled to the bed 24-7 and being given fluid pills which caused me to have to go to the Bathroom 7 times a day[,] and I had to wait on them to release me." (*Id.* at PageID 3.) He also seeks compensatory damages "for having to worry" if his defibrillator was going to work correctly if his heart did "act up[,] since it went off every day[,] and I couldn't sleep at all." (*Id.*)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-

---

[2] Earl alleged much of the same in a complaint he filed in another case before this Court, in which he sued the medical provider at the CJC. *See Earl v. Quality Corr. Health Care*, No. 19-1214-JDT-cgc (W.D. Tenn. Dec. 9, 2019) (order dismissing complaint but granting leave to amend, ECF No. 20 at PageID 78).

pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Earl filed his complaint on the form used for commencing actions pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Claims brought under § 1983 regarding the denial of medical care arise under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Under *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." However, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. To state a cognizable claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id.* at 106.

An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson*, 501 U.S. at 298. The objective component of an Eighth Amendment claim based on a lack of medical care requires that a prisoner have a serious medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004); *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994). "[A] medical need is objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention.'" *Blackmore*, 390 F.3d at 897; *see also Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005). In this case, the Court will presume that Earl's heart condition was a serious medical need.

To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the defendant acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 302-03. The plaintiff must show that the defendants acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009); *Woods v. Lecureux*, 110 F.3d 1215,1222 (6th Cir. 1997). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. A defendant cannot be found liable under the Eighth Amendment unless he subjectively knows of an excessive risk of harm to an inmate's health or safety and disregards that risk. *Id.* at 837.

Earl has not sufficiently alleged the subjective component of an Eighth Amendment violation because he does not identify any individual who was responsible for denying him adequate medical care; the only Defendant he names is the Hospital itself. However, even had Earl named a proper Defendant, his allegations do not rise to the level of an Eighth Amendment violation. He alleges that Hospital personnel released him back to the CJC without resetting his defibrillator, which then went off every day at the same time until he was again sent to the Hospital, but he does not allege how the apparent malfunction affected his heart condition or that it caused any specific harm. He states only that he had to worry whether the defibrillator would work correctly if he did experience an actual problem with his heart. Earl also does not allege that any Hospital personnel knew that not resetting his defibrillator would create a substantial risk of serious harm and deliberately disregarded that risk.

Though Earl alleges he was handcuffed and shackled to the bed all the time he was in the Hospital and had to wait for someone to release him before he could go to the bathroom, he does

5

not allege this caused him any actual harm.  He alleges only stress and inconvenience.  In addition, Earl also fails to allege it was Hospital personnel, rather than CJC personnel, who required him to remain restrained.

To the extent Earl intends to allege a claim under Tennessee law for medical malpractice, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a).  The Court also does not have independent subject-matter jurisdiction over any state-law claim because Earl has not alleged diversity of citizenship under 28 U.S.C. § 1332.

For the foregoing reasons, Earl's complaint fails to state a claim on which relief may be granted.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA.  *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded.").  Leave to amend is not required where a deficiency cannot be cured.  *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed.  If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").  In this case, the Court concludes that leave to amend is not warranted.

In conclusion, the Court DISMISSES this case with prejudice in its entirety for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii) and 1915A(b)(1). Leave to amend is DENIED.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Earl in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal by Earl in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is, therefore, DENIED.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Earl, this is the second dismissal of one of his cases as frivolous or for failure to state a claim.[3] This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[3] *See Earl v. Quality Corr. Health Care, et al.*, No. 19-1214-JDT-cgc (W.D. Tenn. Jan. 13, 2020) (dismissed for failure to state a claim).